**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------X

PHH MORTGAGE CORPORATION,

<em>Plaintiff,</em>

-against-

PIETRO RAIA, ANN MARIE RAIA, a/k/a
ANN RAIA, U.S. BANK TRUST NATIONAL
ASSOCIATION, as Trustee for ABS Loan Trust
VI, "JOHN DOE #1" through "JOHN DOE #12,"
the last twelve names being fictitious and unknown to
plaintiff, the persons or parties intended being the tenants,
occupants, persons or corporations, if any, having, or
claiming an interest or lien upon the premises, described
in the complaint,

<em>Defendants.</em>

-------------------------------------------------X

**FILED**
**CLERK**

**2/20/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**REPORT AND**
**<u>RECOMMENDATION</u>**

25-cv-05373 (EK) (JMW)

**A P P E A R A N C E S:**

Sean Howland
Eric S. Sheidlower
**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
900 Merchants Concourse, Suite 310
Westbury, New York 11590
*Attorney for Plaintiff*

Robert Tremaroli
**Frenkel, Lambert, Weiss, Weisman & Gordon, LLP**
53 Gibson Street
Bayshore, New York 11706
*Attorney for U.S. Bank Trust National Association, as Trustee for ABS Loan Trust VI*

**Ann Marie Raia**
2904 Campbell Avenue
Wantagh, New York 11793
*Defendant Appearing Pro se*

*No appearance for Defendant Pietro Raia*

1

**WICKS**, Magistrate Judge:

Plaintiff PHH Mortgage Corporation ("PHH" or "Plaintiff"), commenced the instant action against Defendants, Pietro Raia ("Mr. Raia"), Ann Marie Raia a/k/a Ann Raia ("Ms. Raia") and U.S. Bank Trust National Association, as Trustee for ABS Loan Trust VI ("U.S. Bank" and collectively, the "Defendants") to foreclose on a mortgage pursuant to New York Real Property Actions and Proceedings Law, § 1301 *et seq.* ("RPAPL"), upon Mr. Raia's and Ms. Raia's failure to make monthly payments for the property commonly known as 2904 Campbell Avenue, Wantagh, New York 11793 (the "Property"). (*See generally*, ECF No. 1.) Following untimely appearances, default was entered and Plaintiff filed a motion for default judgment. (*See* ECF Nos. 14, 17.)  Before the Court on referral from the Hon. Eric R. Komitee is Plaintiff's Motion for Default Judgment (ECF No. 17) against all Defendants. (*See* Electronic Order dated 12/30/2025.) While the motion was pending, Defendant Ms. Raia appeared pro se opposing the motion as well as Defendant U.S. Bank who has not filed an opposition but rather seeks any surplus monies. (ECF Nos. 22-23.) Plaintiff filed its response to Defendant Ms. Raia's pro se letter. (ECF No. 25.) For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Default Judgment (ECF No. 17) be **GRANTED** in part.

## BACKGROUND

### I.     Factual Background

The following allegations are drawn from the Complaint. (ECF No. 1.) PHH is a New Jersey corporation and domiciled in the State of New Jersey. (*Id.* at ¶ 2.) Defendant Mr. Raia is an individual who is a citizen of New York and resides at 2904 Campbell Avenue, Wantagh, New York 11793. (*Id.* at ¶ 3.) Defendant Ms. Raia is an individual who is a citizen of New York and resides at 2904 Campbell Avenue, Wantagh, New York 11793. (*Id.* at ¶ 4.) Both Mr. and

2

Ms. Raia are the record owners of the Property and obligors of the Note and Mortgage. (*Id.* at ¶¶ 3-4.) Defendant U.S. Bank is a national association and is domiciled in the State of Delaware, with its principal place of business at 1011 Centre Road, Suite 203, Wilmington, Delaware 19805. (*Id.* at ¶ 5.) Defendant U.S. Bank is the holder of a subordinate mortgage encumbering the subject property. (*Id.*)

On September 2, 2010, Defendants Mr. Raia and Ms. Raia executed a Consolidated Note in favor of Bank of America, N.A. in the principal amount of $337,800.00. (*Id.* at ¶ 10.)  The Consolidated Note was secured by a "Consolidation, Extension, and Modification Agreement" dated September 2, 2010, which was recorded on September 16, 2010. (*Id.* at ¶ 11.) Thereafter, the loan was modified three times, on the following dates: February 8, 2015, January 17, 2019, and November 2, 2020. (*Id.* at ¶¶ 13-15.)

Plaintiff is the owner and holder of the Note and Mortgage and has the authority to commence this mortgage foreclosure action. (*Id.* at ¶ 17.) Defendants Mr. Raia and Ms. Raia failed to make the monthly payment due on October 1, 2023, and have remained in default since that date. (*Id.* at ¶ 18.) Plaintiff has complied with all contractual and statutory conditions precedent, including service of a 30-day notice to cure and compliance with RPAPL §§ 1304 and 1306. (*Id.* at ¶¶ 19-21.) As a result of Defendants' default, the outstanding principal balance has accrued interest, and the total amount due and owing is $370,151.86, which includes deferred principal, unpaid interest, late charges, and other fees permitted under the Note, Mortgage, and Loan Modification Agreements. (*Id.* at ¶ 24.)

Accordingly, PHH commenced this action to foreclose on the mortgage encumbering the Property and to recover the outstanding amounts due for (i) unpaid principal amount, including any deferred principal together with all accrued and unpaid interest, late charges and other fees

3

and costs permitted by the Note, Mortgage and Loan Modification Agreements (ii) attorney's fees and other costs and disbursements, payable to PHH, under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full and (iii) any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full. (*Id.*)

## II.      **Procedural History**

On September 25, 2025, Plaintiff filed the Complaint. (ECF No. 1.) On September 25, 2025, summonses were issued to the Defendants (ECF No. 9), and returned executed on October 9, 2025, and October 22, 2025, respectively (ECF Nos. 10-12). As a result of Defendants' failure to respond to the Complaint by answer or otherwise, Plaintiff requested a Certificate of Default. (ECF No. 13.) The Clerk issued an Entry of Default on November 24, 2025. (ECF No. 14.) Subsequently, Plaintiff moved for default judgment. (ECF No. 17.) On December 30, 2025, the motion was referred to the undersigned for a Report and Recommendation. (Electronic Order dated 12/30/2025.) Upon a preliminary review, the Court directed Plaintiff to file a supplemental declaration and comply with certain procedural requirements, which Plaintiff did. (ECF Nos. 20-21; Electronic Order dated 01/06/2026.)

During the pendency of Plaintiff's motion for default judgment, some Defendants entered appearances. (ECF Nos. 22-23.) Defendant Ms. Raia appeared pro se on January 20, 2026, and opposed the motion by filing a letter with the Court. (ECF No. 22.) Defendant Mr. Raia to date has not appeared.[1]  Defendant U.S. Bank appeared on January 21, 2026, and has not filed an

---

[1] Although Ms. Raia is a named defendant and has appeared, she may not appear or advocate on behalf of Mr. Raia, as a non-attorney cannot represent another individual. See *Powell v. Bank of New York Mellon*, No. 25-CV-02178 (GRB) (JMW), 2025 WL 2714236, at *1 n.1 (E.D.N.Y. Sept. 23, 2025) ("As such, the parties are reminded again that if they intend on proceeding pro se, they must individually do so or retain counsel.")

opposition. (ECF No. 23.) Rather, U.S. Bank solely seeks a demand for any surplus monies pursuant to RPAPL § 1351. (*See id.*) Upon receipt of Ms. Raia's opposition, Plaintiff filed a reply to that letter. (ECF No. 25.)

## THE LEGAL FRAMEWORK

There is a two-step process for the granting of a default judgment under Fed. R. Civ. P. 55.  First, as here, the Clerk of the Court enters default when a party fails to plead or otherwise defend the action.  *See* Fed. R. Civ. P. 55(a); *see also* E.D.N.Y. Loc. Civ. R. 55.1(b) and 55.2. After the clerk's certificate of default is issued and posted on the docket, a party may apply for entry of a default judgment.  Fed. R. Civ. P. 55(b); *see also* E.D.N.Y. Loc. Civ. R. 55.2.  The decision to grant a motion for default is left to the sound discretion of the district court. *No Limit Auto Enterprises, Inc. v. No Limit Auto Body, Inc.*, No. 21-CV-4755 (AMD)(JMW), 2022 WL 18399477, at *2 (E.D.N.Y. Dec. 12, 2022), *report and recommendation adopted*, 2023 WL 348271 (E.D.N.Y. Jan. 19, 2023). As the Clerk has already entered default against Defendants (ECF No. 14), the Court is primarily concerned with Plaintiff's compliance with E.D.N.Y. Loc. Civ. R. 55.2.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878 (RJD)(JMA), 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (finding that a default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true). "Where damages are susceptible to simple mathematical calculation and the plaintiff provides a 'sufficient basis from which to evaluate the fairness' of the requested damages, no evidentiary

hearing is necessary." *Euro Pac. Capital Inc. v. Bohai Pharm. Grp., Inc.*, No. 15-CV-4410

(VM), 2018 WL 1596192, at \*5 (S.D.N.Y. Mar. 28, 2018) (internal citation omitted).

However, a plaintiff must still demonstrate that the allegations set forth in the Complaint

state valid claims. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir.

2011) ("[A] district court is 'required to determine whether the plaintiff's allegations establish

the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel*

*v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). The Court, thus, must

ensure: (i) Plaintiff satisfied all required procedural steps in moving for default judgment, *see*

Loc. Civ. R. 55.2; and (ii) Plaintiff's allegations, when accepted as true, establish liability as a

matter of law. *See Finkel*, 577 F.3d at 84; and (iii) Plaintiff's request for damages is adequately

supported.

With this legal framework in mind, the Court analyzes the instant application.

## DISCUSSION

### I.   Procedural Compliance

Local Civil Rule 7.1 requires motions to include a notice of motion, a memorandum of

law, and supporting affidavits or exhibits containing any necessary factual information for the

decision of the motion. E.D.N.Y. Local R. 7.1(a)(1) - (3). Local Civil Rule 55.2 requires that a

party moving for default judgment append to its application an affidavit or declaration

demonstrating that (A) the Clerk has entered default against the Defendants, (B) the movant has

complied with the SCRA, and (C) that the individual defaulting defendants are not minors or

incompetent people, as well as all papers required by E.D.N.Y. Local Rule 7.1 (*supra*), and a

proposed judgment and certificate of service that all documents in connection with the motion

for default judgment have been personally served on or mailed to the defaulting defendants'

residences or business addresses.  E.D.N.Y. Local R. 55.2(a)(1)-(3).  Recently added under the Local Rules is that the moving party "must file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs."  E.D.N.Y. Local R. 55.2(c).

With respect to the non-military affidavit, before a default judgment can be entered for the plaintiff, the SCRA commands that the Court "require the plaintiff to file with the court an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931; *see also Windward Bora, LLC v. Ortiz*, No. 21-CV-04154 (MKB) (JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *report and recommendation adopted*, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022). Because Defendant U.S. Bank is an entity and not an individual, this requirement is not at issue. *See Loc. 1992 Pension Fund v. All Serv. Equip. Corp,* No. 22-CV-02522 (HG) (JMW), 2023 WL 11868244, at *3 (E.D.N.Y. July 28, 2023) (noting that the SCRA's affidavit requirement does not apply to corporate defendants). However, for Defendants Ms. Raia and Mr. Raia, an SCRA is required. Plaintiff provided an affirmation regarding Non-Military Status for Defendants Ms. Raia and Mr. Raia and the relevant SCRA documentation. (ECF Nos. 17-2 at ¶ 14; 17-12.)

Here, the motion against the defaulting Defendants fully complies with Local Rule 7.1 and Local Rule 55.2(a)(2) because it includes (1) a notice of motion (ECF No. 17); (2) a memorandum of law (ECF No. 17-3); (3) affidavits and exhibits to support Plaintiff's contentions (ECF No. 17-4-22); and (4) a proposed order detailing the proposed judgment (ECF No. 17-1). The motion further complies with Local Rule 55, as Plaintiff properly attached and submitted a declaration affirming that the Certificate of Default was entered by the Court on

November 24, 2025, (ECF No. 17-17) as well as a declaration that Defendants Mr. Raia and Ms. Raia, are not in the military and that no Defendant is an infant nor incompetent as the Local Rules require. (ECF No. 17-2 at ¶¶ 14,18.) A certificate of service was also filed certifying that the requisite documents were served on the Defendants via regular mail. (ECF No. 17-22.)

Additionally, Local Rule 55.2(c) has been satisfied since Plaintiff filed a statement of damages demonstrating the proposed damages totaling $443,993.91 (*see* ECF No. 17-4), and basis for the element of damages.  E.D.N.Y. Local R. 55.2(c).

Accordingly, the undersigned finds that the Motion for Default Judgment is procedurally proper and now turns to the merits.

## II.      **Jurisdiction**

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). Since a judgment rendered against a defendant over whom the Court does not have personal jurisdiction can be vacated pursuant to Rule 60(b)(4), it "'preserves judicial economy for the court to assess personal jurisdiction from the outset and thereby avoid rendering a void judgment.'" *ADI Glob. Distribution v. Green*, No. 20-CV-03869 (AMD) (JMW), 2023 WL 3355049, at *3 (E.D.N.Y. Apr. 24, 2023), *report and recommendation adopted*, No. 20-CV-3869 (AMD)(JMW), 2023 WL 3346499 (E.D.N.Y. May 10, 2023) (citation omitted).  Here, the Defendants do not contest jurisdiction. Nonetheless, the undersigned conducts a *sua sponte* review.

For a court to exercise personal jurisdiction: (i) a plaintiff must complete proper service of process, (ii) there must be a statutory basis for personal jurisdiction that renders such service of process effective, and (iii) the exercise of personal jurisdiction must comport with

8

constitutional due process principles. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673. F.3d 50, 60–61 (2d Cir. 2012).

Service of process was procedurally proper here. Rule 4(c) requires that a summons must be served with a copy of the Complaint and by a person who is at least 18 years old and not a party to the case. *See* Fed. R. Civ. P. 4(c). Additionally, Rule 4(e) permits service on individuals to be made (i) pursuant to the law of the state in which the district court is located, or (ii) delivering the summons and complaint to the individual personally, (iii) leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. …" Fed. R. Civ. P. 4(e). Here, Defendants Mr. Raia and Mrs. Raia were served with a copy of the Summons and Complaint on October 3, 2025, when a process server delivered the documents to the Defendants' son "John" Raia (Refused First Name), a person of suitable age and discretion at the property. (ECF Nos. 10-11.)

Further, Rule 4(h) provides that a domestic or foreign corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." *See* Fed. R. Civ. P. 4(h)(1)(B); *Hartford Fire Ins. Co. v. Queens Cnty. Carting, Inc.*, No. 20-CV-01844 (NSR), 2022 WL 254367, at *2 (S.D.N.Y. Jan. 27, 2022) (quoting Fed. R. Civ. P. 4(h)(1)(A); (e)(1)) ("Under Rule 4(h)(1)(A), a corporation may be served 'in the manner prescribed by Rule 4(e)(1) for serving an individual,' which includes 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]'"). Under New York law, service on a corporation may be made by serving the authorized agent. *See* N.Y. C.P.L.R. § 311(a)(1) ("Personal service upon a corporation… shall be made by delivering the summons… to an

officer, director, managing or general agent, cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."); *see also Flagstar Fin. & Leasing, LLC v. ANR Logistics LLC*, No. 24-CV-08469 (JS) (JMW), 2025 WL 3451989, at *5 (E.D.N.Y. Oct. 28, 2025) (finding service was proper under Fed. R. Civ. P. 4(h), where an entity was served delivering the Summons & Complaint to an authorized agent of the Defendant).

Here, Defendant U.S. Bank was served with a copy of the Summons and Complaint on October 21, 2025, by service upon Helen Brown Smith, an authorized corporate agent, who affirmatively represented upon verbal inquiry that she was authorized to accept service on behalf of the corporation. (ECF No. 12.) Accordingly, service on all Defendants was proper.

Next, this action is predicated on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), as the action involves citizens of different states, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). "Personal jurisdiction in a diversity case is determined by the law of the state in which the district court sits." *SAS Grp., Inc. v. Worldwide Inventions, Inc.*, 245 F. Supp. 2d 543, 547 (S.D.N.Y. 2003) (citing *Kernan v. Kurz–Hastings, Inc.,* 175 F.3d 236, 240 (2d Cir. 1999)). Thus, the Court first looks to New York law for the purpose of determining personal jurisdiction over Defendants in New York. Then, the Court evaluates whether the "exercise of jurisdiction under state law satisfies federal due process requirements of 'fair play and substantial justice.'" *Mortg. Funding Corp. v. Boyer Lake Pointe, LLC*, 379 F. Supp. 2d 282, 286 (E.D.N.Y. 2005) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Under New York law there are two routes for a court to exercise personal jurisdiction—general and specific. The undersigned considers each separately.

### A. *General Jurisdiction*

"For general jurisdiction over an individual to comport with due process, Defendants

must be domiciled in New York, served in New York, or have otherwise consented to the court's jurisdiction." *Reich v. Lopez*, 38 F. Supp. 3d 436, 455 (S.D.N.Y. 2014); *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021); *Lebron v. Encarnacion*, 253 F. Supp. 3d 513, 519 (E.D.N.Y 2017) (holding that where the individual defendant was not domiciled in New York, the Court lacked a basis for exercising general jurisdiction) Here, Defendants Mr. Raia and Mrs. Raia are both domiciled in New York and were served in New York, which in turn satisfies general jurisdiction.

Additionally, pursuant to the Mortgage Agreement executed by Defendants Mr. and Mrs. Raia and acknowledged by Defendant U.S. Bank, illustrates that the parties agreed that "the state and local law that applies in the place where the Property is located will govern this Mortgage," and that such choice of law "will not limit federal law applicable to this Mortgage." (ECF No. 25-1.) So, the parties consented to New York and federal laws. *See Flagstar Fin. & Leasing, LLC*, 2025 WL 3451989, at *5 (discussing that parties may consent to personal jurisdiction through forum-selection clauses in contractual agreements). Accordingly, this Court has general jurisdiction over all Defendants. However, out of an abundance of caution, the Court further considers whether specific personal jurisdiction exists over Defendant U.S. Bank, given that U.S. Bank is not domiciled in New York.

### B. *Specific Jurisdiction*

On the other hand, specific jurisdiction is present when "a [s]tate exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Great W. Ins. Co. v. Graham*, No. 18-CV-6249 (VSB), 2020 WL 3415026, at *10 (S.D.N.Y. June 22, 2020) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

11

To satisfy due process, the defendant's contacts with the forum must demonstrate "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.*, 471 U.S. at 475. This inquiry requires courts to evaluate whether the defendant has sufficient minimum contacts with the forum and whether the exercise of jurisdiction is reasonable. *See Sea Tow Servs. Int'l, Inc. v. Pontin*, 472 F. Supp. 2d 349, 360 (E.D.N.Y. 2007). Here, Defendant U.S. Bank, though a Delaware corporation, purposefully availed itself of the privilege of conducting activities in New York by obtaining and maintaining a mortgage interest secured by the property located in New York. Accordingly, Defendant U.S. Bank has sufficient minimum contacts with New York, and the exercise of specific personal jurisdiction comports with traditional notions of fair play and substantial justice. *See Burger King*, 471 U.S. at 472–73, 476 (discussing purposeful availment and fair play analysis).

Accordingly, the Court clearly has personal jurisdiction over all Defendants.

## III.    Default Factors

In evaluating whether to grant a default judgment, courts consider: (i) whether the defendant's default is willful; (ii) whether the defendant has a meritorious defense to plaintiff's claims; and (iii) the level of prejudice the non-defaulting party would suffer if the motion for default judgment is denied. *See Trustees of Empire State Carpenters Annuity, Apprenticeship, Lab. Mgmt. Co-op., Pension & Welfare Funds v. Flooring Experts, Inc.*, No. 12-CV-6317 (ADS)(AKT), 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013).

Consideration of these three factors leads to a recommendation that an entry of default judgment is appropriate. Here, Defendant Mr. Raia has wholly failed to appear, and has not

12

presented any defense. *See ADI Glob. Distribution*, 2023 WL 3355049, at *4. While Defendant

Ms. Raia appeared and opposed the default judgment motion, after the Clerk issued an Entry of

Default, there appears to be no meritorious defense as further discussed below. Lastly, Defendant

U.S. Bank appeared only to seek surplus money and did not oppose the default judgment motion.

Courts in this Circuit have held that opposition to a motion for default judgment may be

treated as a motion to vacate an entry of default, even in the absence of a formal Rule 55(c)

motion. *See e.g., Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 336

(S.D.N.Y. 2013); *Elco Sec., Ltd. v. Dear Cashmere Holdings, Inc.*, No. 23-CV-5008 (JGLC),

2024 WL 2884100, at *2 (S.D.N.Y. May 23, 2024). Even treating Ms. Raia's letter as an

opposition, the relevant factors still support entry of default judgment.

As for willfulness, Ms. Raia appeared pro se and wrote a letter viewed as her opposition

to Plaintiff's default judgment motion. (ECF No. 22.) Importantly, it was not until after entry of

default was issued and the instant motion for default judgment was filed that Ms. Raia appeared.

Defendant U.S. Bank appeared solely to seek demand for any surplus monies, without opposing

the default motion. To rise to the level of willfulness, there must be "evidence of bad faith[,] the

presence of 'egregious or deliberate conduct,'" and more "than merely negligent or careless." *Id.*

(internal citations omitted). Given the circumstances and facts presented, there is no indication or

evidence that Ms. Raia acted willfully. In contrast, Defendant Mr. Raia continues to deliberately

ignore this action. U.S. Bank on the other hand, makes no disputes here, leaving the Court with

no other choice but to enter default.

Next, the Court considers whether Defendant has asserted a meritorious defense. "A

defense is meritorious if it is good at law so as to give the factfinder some determination to

make." *Grice v. McMurdy*, 498 F. Supp. 3d 400, 408 (W.D.N.Y. 2020) (quoting *Am. Alliance*

*Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default … the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Am. Transit Ins. Co. v. Pierre*, No. 24-CV-360 (RPK) (CLP), 2025 WL 863865, at *3 (E.D.N.Y. Mar. 19, 2025) (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004); *Bisnow LLC v. Lopez-Pierre*, No. 20-CV-3441 (PAE)(SLC), 2022 WL 17540573, at *8 (S.D.N.Y. Nov. 2, 2022), *report and recommendation adopted,* No. 20-CV-3441 (PAE)(SLC), 2022 WL 17540349 (S.D.N.Y. Dec. 5, 2022) (stating the same when analyzing a motion for default judgment).  That is, has any defendant pleaded a plausible defense?

Here, Defendant Ms. Raia asserts only that she contacted the lender seeking mortgage assistance, was not provided with such assistance, and wishes to retain the property through a loan modification or repayment plan. (*See* ECF No. 22.) These assertions do not constitute a meritorious defense as a matter of law. Rather, these allegations amount to a request for the Court to issue an Order on what the mortgage company should do, as Plaintiff seeks to retain the property through a proposed "loan modification or repayment plan" and claims that the property's value exceeds the outstanding mortgage balance. (ECF No. 22.) Yet, the allegations do not negate liability and fail to raise any cognizable legal defense against Plaintiff's claims. Moreover, Defendant provides no documentary evidence or factual support demonstrating that any legally cognizable defense exists. *See Am. Transit Ins. Co*, 2025 WL 863865, at *3 ("In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default … the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense.") Accordingly,

14

Defendants have failed to satisfy the meritorious defense factor.

Lastly, "[t]o establish prejudice under the third factor, it must be shown that 'delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 190 (E.D.N.Y. 2025) (quoting *Henry v. Oluwole*, 108 F.4th 45, 52-53 (2d Cir. 2024)). Here, Plaintiff would be prejudiced by further delay. This action was filed on September 9, 2025, and Defendant Mr. Raia is yet to appear. The lack of opposition by U.S. Bank, and Plaintiff's opposition to Ms. Raia's letter (*see* ECF No. 25 at 3-6) further demonstrates the meritless argument made by Ms. Raia, namely her unsuccessful assistance requests as well as her increased arrears to date. Continued delay would impair Plaintiff's ability to prosecute this action and successfully close the matter. Accordingly, the third factor weighs in favor of the finding of prejudice.

As discussed further below, having found that the sole opposing Defendant Ms. Raia does not have a meritorious defense as a matter of law and considering the other factors, the undersigned proceeds to determine if liability is established.

## IV.    **Liability**

In cases of default, the court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor[.]" *Finkel*, 577 F.3d at 84. A defendant's default is considered an admission of all of the well-pleaded allegations of liability. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Here, Plaintiff alleges that Defendants failed to pay the outstanding principal balance due under the loan agreement and mortgage. As a result of this default, Plaintiff seeks a judgment of foreclosure and sale of the property pursuant to the terms of the mortgage and applicable law.

As the Court recently observed,

> [m]ortgage foreclosure actions proliferate this court. We often treat them as creatures of procedure, devoid of real people removed from real homes. But procedure cuts both ways. And although these actions can march forward to a steady drumbeat, courts must ensure that plaintiffs follow the correct process and the applicable statutes are respected.

*Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664 (NGG) (RML), 2025 WL 3078314, at *1 (E.D.N.Y. Nov. 4, 2025).

Here, the Court concludes that Plaintiff has complied with the procedural and evidentiary requirements necessary to demonstrate its entitlement to foreclose. Specifically, Plaintiff submitted the Note, the Mortgage, and the corresponding assignment reflecting its interest in the Property. (ECF Nos. 1-2-4; 17-7-9; 25-1.) Plaintiff further asserts that Defendants defaulted by failing to make the required monthly installment due on October 1, 2023, and by failing to remit any payments thereafter. (ECF No. 1 at ¶ 18.) Ms. Raia does not contest the occurrence of this default. *See PHH Mortg. Corp. v. Khan*, No. 25-CV-02925 (DLI) (LGD), 2026 WL 41169, at *2 (E.D.N.Y. Jan. 6, 2026) ("Under the RPAPL, a plaintiff seeking foreclosure must show (1) the existence of the mortgage and mortgage note, (2) ownership of said mortgage, and (3) the defendants' default on the loan secured by the mortgage.") Accordingly, Plaintiff has demonstrated, through competent evidentiary submissions, the existence of an underlying debt, that the debt was secured by a mortgage, and that a default occurred on that obligation. *See Windward Bora LLC v. Thomas*, 20-CV-6046 (JS), 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022) (entering default judgment and ordering foreclosure and sale); *see also Windward Bora LLC v. Montour*, No. 23-CV-03654 (EK) (LGD), 2023 WL 10408307, at *4 (E.D.N.Y. Oct. 2, 2023), *report and recommendation adopted*, No. 23-CV-3654 (EK)(LGD), 2024 WL 1142389 (E.D.N.Y. Mar. 15, 2024) (reaching the same conclusion under similar circumstances).

Under RPAPL § 1304(1)-(2), "[p]roper service of [an] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *See CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021). A lender can establish § 1304 compliance if the "notice or other document was sent through evidence of actual mailing (e.g., an affidavit of mailing or service)"; or [] "by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature." *See Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664 (NGG)(SJB), 2023 WL 5266343 at *3 (E.D.N.Y. Aug. 4, 2023) (quoting *CIT Bank N.A. v. Schiffman*, 168 N.E.3d 1138, 1143 (N.Y. 2021)).

There are additional procedural requirements set forth in RPAPL. First, under § 1303, the foreclosing party must provide a "Help for Homeowners in Foreclosure" notice, and attach it to the Summons and Complaint, which is complied with here. (*See* ECF No. 1-11.) Next, RPAPL § 1304 requires that a lender provides the borrower with at least ninety (90) days' notice before commencing a foreclosure action. *See Freedom Mortg. Corp. v. Habeeb*, No. 19-CV-05881 (JMA)(JMW), 2023 WL 5181444, at *6 (E.D.N.Y. July 27, 2023), *report and recommendation adopted*, No. 19-CV-05881 (JMA) (JMW), 2023 WL 5179668 (E.D.N.Y. Aug. 11, 2023) ("[1304] requires a lender to send notice to a mortgagor at least 90 days before the commencement of any foreclosure action by registered or certified mail, by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage"). This too has been complied with. (*See* ECF Nos. 1-8, 17-11.) Further, RPAPL § 1306 requires the lender, assignee, or mortgage loan servicer to file notice with the Superintendent of the New York State Department of Financial Services within three (3) business days of mailing the § 1304 notice. *See* RPAPL § 1306(1). Here, the Affidavit of Indebtedness sworn to by Claribel

17

Lopez, Contract Management Coordinator for Plaintiff, demonstrates the required compliance with RPAPL. (ECF No. 17-5.) Plaintiff submitted evidence demonstrating adequate service of process of the 90 Day Notice to Defendants and provided proof with a declaration of mailing, in accordance with Section 1304, as well as Proof of Filing Statement pursuant to Section 1306. (ECF No. 17-11.) In addition, the 90-Day Notice appears to satisfy the requirements set forth in RPAPL §§ 1304 and 1306. The record reflects that the notice was mailed to Defendants on September 13, 2024, more than ninety days before the Complaint was filed, and that it was properly filed with the Superintendent of the New York State Department of Financial Services. (*Id.*) In sum, Plaintiff complied with its obligations under RPAPL.

## V. <u>Relief Sought</u>

Once liability for default is established, the next inquiry is damages. A party's default constitutes a concession of all well pleaded allegations, however, such default "is not considered an admission of damages." *Aviation Hagglers Int'l DWC-LLC v. UTD. Aviation Sols. LLC*, No. 24-CV-06610 (RPK)(JMW), 2025 WL 3451979, at *13 (E.D.N.Y. Nov. 12, 2025) (quoting *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)).

Here, Plaintiff seeks damages for outstanding sums owed under the Note and Mortgage, together with attorneys' fees and costs. (*See* ECF No. 17-2.) Plaintiff also seeks that the Court appoint a referee to sell the Property and to remove all John Does from the caption. (*Id.*) Each request is analyzed separately.

### A. *Damages*

Plaintiff seeks damages in the amount of $435,988.91 in connection with the Defendants' non-payment on the Note. The specific total is a result from the following:

18

- $365,809.76 for the unpaid principal balance;

- $4,342.10 for the deferred principal balance;

- $28,912.88 in interest at a default rate of 3.5%;[2]

- $35,755.88 for the escrow balance, which includes taxes and insurance;

- $1,168.29 for late charges, property inspection, and title search.

(ECF No. 17-4-5.)

Plaintiff provides that upon a review of its records, the above amounts were calculated. (ECF No. 17-5.) Moreover, Plaintiff provides a ledger outlining the amounts owed. (ECF No. 17-21.) "In mortgage foreclosure cases, courts consider the documentary evidence presented by plaintiffs and have awarded damages including unpaid principal, accrued interest, recoverable costs, escrow advances, and late charges." *Khan*, 2026 WL 41169, at *7 (finding that the materials submitted, like here, were sufficient). Accordingly, the undersigned recommends awarding judgment in the amount of $435,988.91 in damages for the Note.

### B. *Attorneys' Fees*

Next, Plaintiff seeks attorneys' fees for a flat fee of $6,800.00. (ECF No. 17-4.) Counsel for Plaintiff, Eric S. Sheidlower ("Sheidlower") submits a declaration for the services rendered. (ECF No. 17-20.) Sheidlower states that pursuant to the Mortgage, "the mortgagee is entitled to reasonable fees for the services rendered in connection with this action" (*see* ECF No. 17-8 at 38, 47, 51), and itemizes the 25.5 hours spent on this matter, at a rate of $330.00. (ECF No. 17-20 at 2-3.) Flat rates such as the one sought here, are disfavored in the Second Circuit. *See e.g., Wells Fargo Bank Nat'l Ass'n as Tr. for Holders of Comm 2014-UBS6 Mortg. Tr. Com. Mortg. Pass-*

---

[2] The Loan Modification Agreements illustrates that the Defendants agreed to an interest rate of 3.5% in the event of default. (*See* ECF No. 1-7 at 24-25.)

*Through Certificates v. 366 Realty LLC*, 725 F. Supp. 3d 272, 297 (E.D.N.Y. 2024) (discussing that generally this Circuit does not award attorneys' fees that request flat fees); *Nationstar Mortg. LLC v. Atanas*, 285 F. Supp. 3d 618, 624 (W.D.N.Y. 2018) (collecting cases). When flat fees are agreed upon, Courts still analyze whether such fees are reasonable using the lodestar method but only if contemporaneous time records are provided. *See Onewest Bank, N.A. v. Cole*, No. 14-CV-03078 (FB)(RER), 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015), *as amended*, No. 14-CV-3078 (FB)(RER), 2016 WL 11395013 (E.D.N.Y. Jan. 19, 2016), *report and recommendation adopted sub nom. One W. Bank, N.A. v. Cole*, No. 14-CV-03078 (FB)(RER), 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016). The Court does not find that the declaration is sufficient, absent contemporaneous billing records, and attorneys' fees should not be awarded without such a cross-check. *See Mack Finanical Servs. v. Poczatek*, No. 10-CV-3799 (JS)(AKT), 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted in part*, No. 10-CV-3799 (JS)(ETB), 2011 WL 4628692 (E.D.N.Y. Sept. 30, 2011) (internal citations and quotations omitted) ("In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that 'attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'")

However, if the District Judge disagrees, Sheidlower does outline the tasks and time spent on each, which allows the Court to conduct a lodestar analysis. To determine the reasonableness of an attorneys' fee award, "courts in the Second Circuit multiply the reasonable hourly rate by the number of hours reasonably expended by counsel," commonly referred to as the lodestar approach. *Ritchie v. Gano*, 756 F. Supp. 2d 581, 583 (S.D.N.Y. 2010) (referencing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Board*

*of Elections*, 522 F.3d 182, 183–84 (2d Cir. 2008)). "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" *Bds. Trs. Ins., Annuity, Scholarship, & Apprenticeship Training Funds Sheetmetal Workers' Int'l Ass'n, Loc. Union No. 137 v. Liberty Signs, Inc.*, No. 10-cv-1737 (ADS) (AKT), 2011 WL 4374519, at *6 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4373893 (E.D.N.Y. Sept. 19, 2011).

Sheidlower's declaration includes 25.5 hours at a rate of $330.00. (ECF No. 17-20.) The declaration includes the remaining tasks such as in-take, filing the complaint, coordinating service of process, seeking entry of default, and preparing the motion for default judgment. (*See id.*) Sheidlower is an associate with the firm of Robertson, Anschutz, Schneid, Crane & Partners, PLLC, who has been practicing for over thirty-five (35) years in this very practice. (*Id.*) Hourly rates in the Eastern District of New York, appear to "generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience." *Perrone v. Amato*, No. 09-CV-316 (SIL), 2022 WL 595187, at *3 (E.D.N.Y. Feb. 27, 2022); *see also Linde v. Arab Bank, PLC*, No. 04-CV-2799 (BMC) (PK), 2023 WL 9232942, at *6 (E.D.N.Y. Nov. 28, 2023), *report and recommendation adopted*, No. 04-CV-2799 (BMC)(PK), 2024 WL 3873708 (E.D.N.Y. Aug. 19, 2024) ("prevailing rates for attorneys in the E.D.N.Y. are approximately $300 to $450 per hour for partners, $200 to $300 per hour for senior associates, and $100 to $200 per hour for junior associates"). However, courts within this District have recently begun to recognize an increase in attorneys' fees hourly rates. *See Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 243-44 (E.D.N.Y. 2025)

21

("I have rounded out the forum rates in the Eastern District to now be $450-$650 for partners, $300-$450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals.").

Here, Sheidlower's rate of $330.00 "is well within reason" for this District. Interestingly though, counsel's declaration includes three entries for work not yet occurred but "estimated" such as appearance at the foreclosure sale, totaling six hours. *See One W. Bank, N.A.*, 2015 WL 4429014, at *7 (declining to award attorneys' fees where the affirmation did not include the hours spent or the listed task but also noting that including tasks that have not occurred cannot be awarded). As such, the Court will only consider 19.5 hours of work, which equals $6,435.00. Accordingly, the undersigned finds that if the District Judge wishes to award attorneys' fees, then Plaintiff's request for attorneys' fees should be granted in part in the amount of $6,435.00.

## C. *Costs*

Plaintiff seeks costs and disbursements for $405.00 for the filing fee, process server fees of $345.00, and notice of pendency filing fee of $455.00 equaling $1,205.00. (ECF No. 17-4.)

In this Circuit, "reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable." *OneWest Bank, NA v. Raghunath*, No. 14-CV-3310 (RJD)(MDG), 2015 WL 5772272, at *7 (E.D.N.Y. Sept. 8, 2015), *report and recommendation adopted sub nom.,* No. 14-cv-3310 (RJD)(MDG), 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015). A party is not entitled to recover costs for which it provides inadequate substantiation. *See Douyon v. N.Y. Med. Health Care*, P.C., 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) (finding that without underlying documentation of itemized expenses, the Court has "no way of confirming" that costs were incurred by counsel).

22

Pursuant to the Mortgage, Plaintiff is entitled to costs and reimbursements. (*See* ECF No. 17-8 at 51.) In addition, pursuant to Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover certain taxable costs – including filing fees and reasonable service of process fees. *See Prime Contractors Inc. v. APS Contractors Inc.*, 786 F. Supp. 3d 524, 554 (E.D.N.Y. 2025) ("Federal courts sitting in diversity jurisdiction look to Federal Rule of Civil Procedure 54(d)(1) to calculate costs, which provides that '[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.'") Plaintiff "bear[s] the burden of adequately documenting and itemizing the costs requested." *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549 (DRH)(AKT), 2020 WL 5899881, at *14 (E.D.N.Y. Mar. 12, 2020). "Filing fees are recoverable without supporting documentation if verified by the docket." *Arch Specialty Ins. Co. v. Apco Indus., Inc.*, No. 18-CV-4041 (ENV)(SJB), 2020 WL 6581000, at *7 (E.D.N.Y. Oct. 5, 2020). Here, the docket indicates the $405 filing fee was paid. (*See* ECF No. 1). As such, the filing fee should be awarded. Next, Plaintiff provides documentation for the service fees and notice of pendency fees. (ECF No. 17-18.) Accordingly, the undersigned recommends awarding Plaintiff $1,205.00 in costs.

### D. *Appointment of Referee*

Plaintiff also requests that the Court appoint a referee to sell the Property. (ECF No. 17-2 at 6.) The proposed judgment includes Melissa Mohan, Esq., with the following address 276 W. 15th Street., Deer Park. NY 11729, as the "designated … Referee herein to sell the mortgaged premises." (ECF No. 17-1 at 3.)

"[C]ourts routinely appoint referees to effectuate the sale of foreclosed properties." *Cit Bank, N.A. v. Coombes*, No. 17-CV-5871 (ADS)(SIL), 2019 WL 2516729 at *8, (E.D.N.Y. May

23

23, 2019) (recommending plaintiff be allowed to select three candidates as potential referees to sell the property and the district judge would select one). And courts in the Second Circuit allow appointing a referee if the plaintiff has presented a note, mortgage, and proof of default thereby establishing a *prima facie* case. *Nationstar Mortg. LLC v. Atanas,* 285 F. Supp. 3d 618, 628 (W.D.N.Y. 2018); *Khan*, 2026 WL 41169, at *8 (same).

In this case, Plaintiff has sufficiently pled its prima facie case. However, Plaintiff has not in any of the supporting documents listed or described, the requested referee's qualifications. Therefore, it is recommended that Plaintiff provide the qualifications of Melissa Mohan, Esq., or three potential referees and file a proposed appointment order that the District Judge may use when choosing a referee. *See Habeeb*, 2023 WL 5181444, at *15 (discussing the procedure courts follow when appointing a referee in foreclosure proceedings).

### E.  *Removal of "John Does"*

Finally, Plaintiff requests that the Court remove Defendants John Does One through Twelve as parties to this action "as no tenants reside at the property" nor were any "John Does" identified or served. (ECF Nos. 17-1 at 7; 17-2 at 6; 17-3 at 8.) Thus, Plaintiff avers that such parties are not necessary or proper. "Dismissal of these defendants is proper pursuant to Federal Rule of Civil Procedure 4(m) based on Plaintiff's failure to identify and serve these defendants within 120 days after the filing of the complaint." *Gustavia Home, LLC v. Saagber*, No. 16-CV-2099 (ADS)(SIL), 2017 WL 2684266, at *2 (E.D.N.Y. June 2, 2017), *report and recommendation adopted*, No. 16-CV-2099 (ADS)(SIL), 2017 WL 2684026 (E.D.N.Y. June 21, 2017) (seeking the same relief for identical reasons); *see also United States v. Ferri*, No. 19-CV-6921 (CJS), 2023 WL 2165182, at *2 (W.D.N.Y. Feb. 22, 2023) (granting dismissal of fictious

24

names and non-designated tenants). Moreover, no objections nor opposition have been filed as to this request. Accordingly, this request should be granted.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for default judgment (ECF No. 17) be **granted in part** and that the Court enter judgment as follows: (i) awarding Plaintiff damages in the amount of $435,988.91, consisting of unpaid principal, accrued late fees, and default interest; (ii) awarding Plaintiff costs and disbursements in the amount of $1,205.00; (iii) directing Plaintiff to file a renewed application for attorneys' fees with the required support for the fees; and (iv) remove Defendants "John Does One through Twelve" from the caption. In addition, Plaintiff shall either list the qualifications of Melissa Mohan, Esq., or three other potential referees and file a proposed appointment order for consideration by Judge Komitee.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served through ECF on all counsel. Counsel for Plaintiff is directed to serve copies of this Report and Recommendation upon all Defendants on or before **February 24, 2026**, and file proof of service of same on ECF <u>within two business days</u>. Any written objections to this Report and Recommendation must be filed within fourteen (14) days of service of this Report.  28 U.S.C. § 636(b)(1) (2006 & Supp. 2011); Fed. R. Civ. P. 6(a), 72(b); *see also Nambiar v. The Central Orthopedic Group LLP*, No. 24-1103 (2d Cir. Oct. 28, 2025) (addressing timing and scope of objections to Reports and Recommendations). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14)

days precludes further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (same).

Dated:  Central Islip, New York
        February 20, 2026

**RESPECTFULLY RECOMMENDED**,

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
