**FILED**
**CLERK**

**4/8/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PHH MORTGAGE CORPORATION,

                        *Plaintiff*,

                -against-

PIETRO RAIA, ANN MARIE RAIA, a/k/a
ANN RAIA, U.S. BANK TRUST NATIONAL
ASSOCIATION, as Trustee for ABS Loan Trust
VI,

                       *Defendants*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**REPORT AND**
**RECOMMENDATION**

25-cv-05373 (EK) (JMW)

**A P P E A R A N C E S:**

        Sean Howland
        **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
        900 Merchants Concourse, Suite 310
        Westbury, New York 11590
        *Attorney for Plaintiff*

        *No further appearances*

**WICKS**, Magistrate Judge:

Plaintiff PHH Mortgage Corporation ("Plaintiff"), commenced the instant action against

Defendants, Pietro Raia, Ann Marie Raia a/k/a Ann Raia and U.S. Bank Trust National

Association, as Trustee for ABS Loan Trust VI ("U.S. Bank" and collectively, the "Defendants")

to foreclose on a mortgage pursuant to New York Real Property Actions and Proceedings Law, §

1301 *et seq.* ("RPAPL"), upon the failure to make monthly payments for the property commonly

known as 2904 Campbell Avenue, Wantagh, New York 11793 (the "Property"). (*See generally*,

ECF No. 1.) Following untimely appearances, a default was entered and Plaintiff thereafter filed

a motion for default judgment. (*See* ECF Nos. 14, 17.)  On February 20, 2026, the undersigned

1

issued a Report and Recommendation ("R&R") to Hon. Eric R. Komitee recommending that Plaintiff's Motion for Default Judgment (ECF No. 17) be granted in part. (ECF No. 26.) Specifically, it was recommended that the Court enter judgment as follows: (i) awarding Plaintiff damages in the amount of $435,988.91, consisting of unpaid principal, accrued late fees, and default interest; (ii) awarding Plaintiff costs and disbursements in the amount of $1,205.00; (iii) directing Plaintiff to file a renewed application for attorneys' fees with the required support for the fees; and (iv) remove Defendants "John Does One through Twelve" from the caption. (*Id.*) In addition, it was recommended that Plaintiff either list the qualifications of Melissa Mohan, Esq., or three other potential referees and file a proposed appointment order for consideration by Judge Komitee. (*Id.*) The R&R was adopted in full. (ECF No. 28.) In accordance with the adoption, Plaintiff was directed to file a renewed application for attorneys' fees, with the required support outlined in the R&R, as well as a proposed appointment order and either a list of qualifications for Melissa Mohan, Esq., or three other potential referees. (*See id.* at 2.) On March 26, 2026, Plaintiff filed the renewed application in which Plaintiff waived its prior request for attorneys' fees and contends that Melissa Mohan, Esq. ("Mohan") is qualified to be appointed as a referee. (ECF No. 30.) The instant application has been referred for an R&R. (*See* Electronic Order dated 4/3/2026.) For the reasons stated below, the undersigned respectfully recommends that Plaintiff's application for appointment of a referee (ECF No. 30) be **GRANTED**.

**DISCUSSION**

Plaintiff requests that Mohan be appointed as the referee in this matter. (ECF No. 30 at 2.) "[C]ourts routinely appoint referees to effectuate the sale of foreclosed properties." *Cit Bank, N.A. v. Coombes*, No. 17-CV-5871 (ADS)(SIL), 2019 WL 2516729 at *8, (E.D.N.Y. May 23, 2019) (recommending plaintiff be allowed to select three candidates as potential

2

referees to sell the property and the district judge would select one). And courts in the Second Circuit allow appointing a referee if the plaintiff has presented a note, mortgage, and proof of default thereby establishing a *prima facie* case. *Nationstar Mortg. LLC v. Atanas,* 285 F. Supp. 3d 618, 628 (W.D.N.Y. 2018); *PHH Mortg. Corp. v. Khan*, No. 25-CV-02925 (DLI) (LGD), 2026 WL 41169, at \*8 (E.D.N.Y. Jan. 6, 2026) (same). Here, the Court has already determined that Plaintiff sufficiently pled its prima facie case. *See PHH Mortg. Corp. v. Raia, et al.*, No. 25-CV-05373 (EK) (JMW), 2026 WL 704254, at \*11 (E.D.N.Y. Feb. 20, 2026), *report and recommendation adopted sub nom. PHH Mortg. Corp. v. Raia*, No. 25-CV-5373 (EK), 2026 WL 701421 (E.D.N.Y. Mar. 12, 2026). The appointment of a referee is simple and only requires that plaintiff demonstrate that it has the right to foreclose. *See 1S Reo Opportunity 1, LLC v. Shepard Towers LLC*, No. 25-CV-1710-EK-JRC, 2026 WL 678299, at \*7 (E.D.N.Y. Feb. 23, 2026), *report and recommendation adopted*, No. 25-CV-1710 (EK)(JRC), 2026 WL 674678 (E.D.N.Y. Mar. 10, 2026) ("Having determined that plaintiff has established its presumptive right to foreclose upon the Subject Property due to defendant's default, this Court respectfully recommends the appointment of Mark L. McKew, Esq. as referee to conduct the sale of the Subject Property under the terms set forth in the proposed Judgment of Foreclosure and Sale (Dkt. 18)."); *Onewest Bank, N.A. v. Cole*, No. 14-CV-03078 (FB)(RER), 2015 WL 4429014, at \*5 (E.D.N.Y. July 17, 2015*), as amended*, No. 14-CV-3078 (FB)(RER), 2016 WL 11395013 (E.D.N.Y. Jan. 19, 2016), *report and recommendation adopted sub nom. One W. Bank, N.A. v. Cole*, No. 14-CV-03078 (FB)(RER), 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016) ("Defendants have made no affirmative showing to overcome Plaintiff's *prima facie* case. Accordingly, I respectfully recommend that a referee be appointed under the circumstances as set forth by Plaintiff in the proposed Judgment of Foreclosure and Sale.");

3

*Barbara S. Parrett Fam. P'ship, Ltd. v. Quantum Realty Dev., Inc.*, No. 23-CV-04077 (FB)(ST), 2024 WL 1530936, at *8 (E.D.N.Y. Feb. 29, 2024), *report and recommendation adopted*, No. 23-CV-04077 (FB)(ST), 2024 WL 1364322 (E.D.N.Y. Apr. 1, 2024) (same).

Nonetheless, the Court reviews Mohan's qualifications to determine whether her appointment is appropriate. Mohan affirms that she focuses her practice on real estate law including residential foreclosures and has experience as a court-appointed referee. (ECF No. 30-1.) Mohan has had her own firm since 2018 focusing on this practice. (*Id.*) Mohan provides cases in this District where she was appointed, all of which the undersigned has verified. The cases are (i) *PHH Mortgage Corporation v. Tessema et al.*, Case No. 25-cv-05115; (ii) *HSBC Bank USA, National Association v. Fenelon et al.*, Case No. 24-cv-07716; and (iii) *U.S. Bank National Association v. Stone et al.*, Case No. 24-cv-06925. (*See id.*)

Indeed, in one of the above cases, Mohan was recently appointed by Hon. Brian M. Cogan on March 19, 2026. *See PHH Mortgage Corporation v. Tessema et al.*, Case No. 25-cv-05115, ECF No. 23 (March 19, 2026). Additionally, the Court independently found an additional case where Mohan served as a referee. *See Nationstar Mortg. LLC v. Kadlec*, No. 20-CV-00363 (PKC)(RER), 2021 WL 11629214, at *1 (E.D.N.Y. Apr. 2, 2021) ("[B]y and under the direction of Melissa Mohan, Esq., 276 W. 15th Street, Deer Park, NY 11729, who is hereby designated the Referee herein to sell the mortgaged premises in accordance with that purpose….")

Accordingly, the Court respectfully recommends that Mohan be appointed as the referee in this matter to effectuate the sale of the Property.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court respectfully recommends that Mohan be appointed as referee to conduct the sale of the Property.

**OBJECTIONS**

A copy of this Report and Recommendation is being electronically served through ECF on all counsel. Counsel for Plaintiff is directed to serve copies of this Report and Recommendation upon all Defendants on or before April 10, 2026, and file proof of service of same on ECF within two business days. Any written objections to this Report and Recommendation must be filed within fourteen (14) days of service of this Report.  28 U.S.C. § 636(b)(1) (2006 & Supp. 2011); Fed. R. Civ. P. 6(a), 72(b); *see also Nambiar v. The Central Orthopedic Group LLP*, No. 24-1103 (2d Cir. Oct. 28, 2025) (addressing timing and scope of objections to Reports and Recommendations). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days precludes further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (same).

Dated:  Central Islip, New York
        April 8, 2026

RESPECTFULLY RECOMMENDED,

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

5